IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| PETRIE ROBINSON | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:16cv206 |
| DIRECTOR, TDCJ-CID | § | ` |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Petrie Robinson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Facts of the Case**

Robinson stated that he was charged with assaulting Officer Carter by grabbing her head, but she falsified the offense report because he never grabbed her head or assaulted her at all. Robinson states that there were video cameras only a few feet away but "claims of inconclusiveness arise pertaining [to] security cameras which makes cameras non-functional." Robinson states that footage of every angle was available but this evidence was concealed.

Robinson maintains that there was a "conspiracy of retaliation" against him because he originally appeared before Captain Allen with a counsel substitute named Tara Conklin, but he has a lawsuit pending against them. The case was postponed and another hearing held with a different hearing officer and a different counsel substitute. Nonetheless, Robinson contends that he was found guilty with no evidence.

As punishment for the offense, Robinson states that he received a reduction in classification status, remaining in Line Class III, 90 days of "Level Two and Three confinement/solitary [i.e. placement in administrative segregation] under extremely harsh conditions," and the loss of 300 days of good time credits. He acknowledges that he is not eligible for release on mandatory supervision,

**II. The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report recommending that Robinson's habeas corpus petition be dismissed. The Magistrate Judge determined that Robinson failed to show that the punishments imposed upon him in the disciplinary case amounted to the deprivation of any constitutionally protected liberty interests because these punishments did not exceed his sentence in such an unexpected manner as to give to protection by the Due Process Clause of its own force, nor did they impose an atypical and significant hardship upon him in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). The reductions in classification status, remaining in Line Class III, and 90-day placement in administrative segregation do not implicate protected liberty interests. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (cell restrictions do not implicate a protected liberty interest); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (no protected liberty interest in custodial classification).

Although Robinson complained, in a vague and general manner, that his time in Level 2 and Level 3 of administrative segregation was spent in "harsh conditions," the Magistrate Judge determined that this allegation likewise did not show the deprivation of a constitutionally protected liberty interest. As a general rule, placement in administrative segregation which is merely incident to the normal life of a prisoner does not amount to a deprivation of a protected liberty interest. *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996). The Magistrate Judge stated that to show such a deprivation, the prisoner must demonstrate that the segregated confinement imposed atypical and significant hardships upon him in relation to the ordinary incidents of prison life.

2

While some cases have made such a finding, these cases involved circumstances much harsher than Robinson has alleged. *Wilkerson v. Stalder*, 329 F.3d 431, 435 (5th Cir. 2003) (30 years in segregation could implicate a liberty interest); *Wilkinson v. Austin*, 545 U.S. 209, 214, 125 S.Ct. 2384, 2389, 162 L.Ed.2d 174 (2005) (confinement in super-maximum security facility where almost all human contact is prohibited, inmates are kept in single cells behind solid doors for 23 hours a day and in which the light remains on at all times, visits are rare, and inmates are automatically disqualified from parole consideration created a liberty interest in being free from such conditions). The Magistrate Judge concluded that Robinson failed to show that his 90-day placement on Level 2 and Level 3 of administrative segregation amounted to an atypical or significant hardship in relation to the ordinary incidents of prison life and thus did not implicate a constitutionally protected liberty interest.

Although Robinson lost 300 days of good time credit, the Magistrate Judge concluded that this deprivation also did not implicate a protected liberty interest because Robinson is not eligible for release on mandatory supervision. As a result, the loss of good time credits only implicates Robinson's potential release on parole, and Texas inmates have no liberty interest in release on parole. *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991). The timing of Robinson's release is too speculative to give rise to a constitutionally protected liberty interest in his good time. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Because Robinson did not show the deprivation of any protected liberty interests, the Magistrate Judge determined that his application for habeas corpus relief lacked merit.

**III. Robinson's Objections**

In his objections, Robinson first states that he did not consent to allow the Magistrate Judge to oversee his case. The Magistrate Judge is not presiding over Robinson's case, but only has a referral for pre-trial matters, for which consent is not required. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). This objection is without merit.

Robinson next asserts that Texas has created a liberty interest by enacting certain prison procedural rules governing disciplinary hearings. The Supreme Court has specifically disapproved of discerning liberty interests in the language of state rules and regulations; instead, as the Magistrate Judge correctly determined, the proper analysis focuses on the nature of the deprivation. *Sandin*, 515 U.S. at 484. The Fifth Circuit has held that the failure to comply with prison rules and regulations, without more, does not amount to a constitutional violation. *Meyers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). This objection is without merit.

Robinson argues that he had a protected liberty interest because the punishment worked "a fairly major change in his living conditions" and the punishment amounted to "a deprivation of that liberty independent of state law and also the prison's own disciplinary rules." In support of the first claim, Robinson argues that minimal second-hand tobacco smoke has been held to violate the Constitution and refers to exposure to smoke from toxic gases from burning, although he does not indicate what was being burned or by whom.[1]

The Fifth Circuit has held that a prisoner's placement in lockdown in cells next to psychiatric patients who screamed, beat on metal toilets, shorted out the power, flooded the cells, threw feces, and lit fires did not set out a due process claim relating to the prisoner's classification status. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *see also Denby v. Director, TDCJ-CID*, civil action no. 6:14cv226, 2014 U.S. Dist. LEXIS 158300 (E.D.Tex., November 10, 2014) (rejecting claim that petitioner was subjected to atypical and significant hardship because he was "exposed to unsanitary floodings and burnings, as well as to confinement in a single cell with the lights burning around the clock and a high level of noise"); *Flores v. Livingston*, 405 F.App'x 931, 2010 U.S. App. LEXIS 26304 (5th Cir., December 27, 2010) (rejecting due process challenge to conditions of confinement where the allegations did not come close to those in *Wilkinson*). Robinson's allegations, which are

---

[1] Robinson also asserts that prolonged exposure of a prisoner to raw sewage in his cell is a serious health hazard, but he does not allege that he himself suffered exposure to raw sewage, nor does he state any facts concerning any such exposure. This assertion does not show that Robinson suffered a significant and atypical hardship in relation to the ordinary incidents of prison life.

4

largely devoid of factual support in any event, fail to show that he was subjected to atypical and significant hardship in relation to the ordinary incidents of prison life. His objections on this point are without merit.

Robinson also makes several conclusory references to retaliation, although he offers no facts whatsoever in support of such a claim. The Fifth Circuit has held that the elements of a claim under a theory of retaliation are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). This requirement places a heavy burden upon inmates, because mere conclusionary allegations will not suffice; instead, the inmate must produce direct evidence of retaliation or, the more probable scenario, a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Johnson*, 110 F.3d at 310, *citing Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). A prisoner who asserts a retaliation claim must assert specific facts; mere conclusory allegations are not enough. *Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988); *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988).

Robinson's wholly conclusory allegations of retaliation fail to provide any basis upon which to set aside the Report of the Magistrate Judge. *Coleman v. Platt*, 558 F.App'x 493, 2014 U.S. App. LEXIS 5359 (5th Cir., March 21, 2014) (conclusory allegations do not show that but for a retaliatory motive, the prisoner would not have received disciplinary action), *citing Woods*, 60 F.3d at 1166; *see also Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

A bare assertion that a disciplinary case was "falsified" also does not show that but for the alleged retaliatory motive, the petitioner would not have received the case. *Decker v. Dunbar*, 633 F.Supp.2d 317, 324 (E.D.Tex. 2008), *aff'd* 358 F.App'x 509, 2009 U.S. App. LEXIS 28021 (5th Cir., December 21, 2009), *cert. denied*, 562 U.S. 848 (2010); *Johnson v. Fobbs*, 236 F.App'x 115,

2007 U.S. App. LEXIS 19790 (5th Cir., August 20, 2007). Robinson's conclusory allegations of retaliation do not set out a viable claim for relief. His objections in this regard are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Petrie Robinson is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So Ordered and Signed**
**Sep 2, 2016**

_____
Ron Clark, United States District Judge